FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 JUN 23  A 9:57

CLERK'S OFFICE
AT GREENBELT
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

CHONG SU YI,

    Plaintiff,

v.                                     Case No.: GJH-16-1206

POTOMAC ELECTRIC POWER
COMPANY, *et al.*,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Chong Su Yi initiated the present action on April 22, 2016 by filing a Complaint along with a Motion to Proceed in Forma Pauperis. ECF Nos. 1 & 2. Because Plaintiff appears to be indigent, the Motion shall be granted.

Although the Complaint is largely incoherent, it appears that Plaintiff's principal complaint stems from a power outage that occurred in 2012 and caused $1,300 worth of food to spoil. *See* ECF No. 1 at 2. Plaintiff also alleges, however, that he was evicted in January 2016, which terminated his relationship with his electric company. *Id.* at 2. Plaintiff contends that the Court may exercise federal question jurisdiction over this action, and, although he cites to provisions of the First, Fourth, and Fourteenth Amendments to the United States Constitution, Plaintiff alleges in the Complaint that the "federal question" that must be decided is whether "[u]nder Contract Law, could issues occurred during duration of [the] contract be raised after the relationship terminated[.]" *Id.* at 2–3. Plaintiff also vaguely references patent and trademark law, contending that "[f]or 1,300 dollars; plaintiff could have filed for patents and trademarks in

exhibit A of P1M 16 CY 0756; of United States District Court for Maryland; Its valued at 20 billion dollars; today . . . ." *Id.* at 4. Plaintiff seeks damages in the amount of "2 trillion 20 billion dollars." *Id.* at 5.

Pursuant to 28 U.S.C. § 1915(e)(2), a court may dismiss a case filed *in forma pauperis* if it determines that the action is frivolous or fails to state a claim on which relief may be granted. An action is frivolous if it raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. *Neitzke v. Williams*, 490 U.S. 319, 327–28, 109 S. Ct. 1827 (1989). The court is, of course, required to liberally construe a complaint filed by a self-represented litigant, and to assume the truth of the allegations in a complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007); *see also Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (internal quotation marks and citation omitted) ("[A] pro se complaint, should not be dismissed summarily unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief[.]"). However, under 28 U.S.C. § 1915, courts are required to screen a plaintiff's complaint when *in forma pauperis* status has been granted. Pursuant to this statute, numerous courts have performed a preliminary screening of non-prisoner complaints. *See, e.g., Michau v. Charleston Cnty., S.C.*, 434 F.3d 725, 727 (4th Cir. 2006) (applying 28 U.S.C. § 1915(e)(2)(B) to preliminary screening of a nonprisoner complaint); *Harris v. Janssen Healthcare Products*, No. CV ELH-15-2730, 2015 WL 5897710, at *2 (D. Md. Oct. 6, 2015) (noting that numerous courts have dismissed non-prisoner complaints pursuant to 28 U.S.C. § 1915). Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court must dismiss a complaint if it fails to state a claim on which relief may be granted. Thus, although pleadings filed by a self-represented plaintiff are to be liberally construed, a complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level"

and that "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff has not provided any information that might lead to a reasonable conclusion that some plausible cause of action has accrued on his behalf, or that any such cause of action would fall within this Court's jurisdiction. Although Plaintiff appears to seek federal question jurisdiction, there are no facts alleged in the Complaint supporting any such causes of action. Accordingly, Plaintiff's Complaint will be dismissed. A separate Order follows.

__6/23/2016__  
Date

__/s/ George J. Hazel__  
George J. Hazel  
United States District Judge